GEORGE WILLIAMS, Administrator, Appellant, v.
JOHN F. YOUTSEY, Respondent.

Springfield Court of Appeals, November 10, 1910.

1. FRAUDULENT CONVEYANCES: Change of Possession: Personal Property. Where a son was indebted to his father, and the father buys a span of mules from the son to apply on the debt, and has the mules taken to another son's where they are kept from four to six weeks, and afterwards the father permits the first son to use the mules, when they are levied on by an execution creditor against the first son, and bought in by the creditor at the execution sale, *held*, that the change of possession of the mules had been sufficient, under section 2887, Revised Statutes 1909, so as to pass the title of the mules to the father as against the creditor of the son.

2. ————: ————: ————: ————. Where a son is indebted to his father, and the father buys a drill outfit and machinery from the son to apply on the debt; and the son furnishes a list of the property and machinery to the father, who goes upon the ground where the drill outfit was located, checks over the articles, puts the tools in piles and pours oil over them, and so leaves them, and in four or five weeks after the transfer the father leases the property to the son, who again takes up his former occupation of drilling, *held*, that the change of possession of this property had not been sufficient under section 2887, Revised Statutes 1909, so as to pass the title of the property to the father, as against the execution creditor of the son, who subsequent to the leasing of the property to the son had the same levied upon and purchased it at the execution sale.

3. ————: ————: ————. In order that a transfer of personal property may be binding as against the creditors of the vendor, possession must be delivered within a reasonable time, regard being had to the condition of the property, and the possession must be open, notorious and continuous; that is, it must be actual and must be of such a character as to apprise the community, or those who are accustomed to deal with the property, that the goods have changed hands and that the title has passed out of the seller and into the purchaser.

4. ————: ————: ————: Bailment to Former Owner. To make a binding transfer of personal property as against the creditor of the vendor, the possession must be actual and

continuous, but this does not mean that it shall be perpetual. It must be prolonged sufficiently to afford the community a fair opportunity to observe or learn of the change of possession, after which the buyer may bail the property to the former owner.

Appeal from Jasper Circuit Court.—*Hon. Henry L. Bright,* Judge.

REVERSED AND REMANDED.

*Perkins & Blair* and *J. H.* and *W. E. Bailey* for appellant.

(1) It is not essential that the property be moved to another place; but there must be some open, notorious or visible act, such as taking an invoice, and when this is done title is passed. Claflin v. Rosenburg, 42 Mo. 439; Mills v. Thompson, 72 Mo. 367; Harmon v. Morris, 28 Mo. App. 326. (2) Where defendant in replevin sought to impeach the sale of property by the debtor to plaintiff on the ground of fraud, the burden of proving fraud is upon him. Halderman v. Stillington, 63 Mo. App. 212; Moss v. Fitch, 111 S. W. 475; Peters Shoe Co. v. Casebeer, 53 Mo. App. 644; Pettingill v. Jones, 30 Mo. App. 280; State ex rel. v. Hope, 102 Mo. 410. (3) When it appears that property has passed into the hands of the vendor for a mere temporary purpose under circumstances which show that return of possession was not with a view of enabling the vendor to use it for his own while legal title is in another, the creditors of the vendor are not authorized to attach the sale as fraudulent and void. Brown v. Riley, 22 Ill. 46; Knight v. Forward, 63 Barb. 311; Wright v. Grove, 27 Ill. 426; Benjamin v. McElwaine, 37 N. E. 362; Crawford v. Kirksey (Ala.), 27 Am. Rep. 704; Deere v. Needles (Ia.), 21 N. W. 203; Holmes v. Crane, 19 Mass. 607; Zeigler v. Hendrick, 106 Pa. St. 87; Jones v. Blake (S. C.), 2 Hill Eq. 629; Pringle v. Rhame (S. C.), 67 Am. Dec. 569.

*H. T. Harrison, Thomas & Hackney* for respondent.

. (1) The vendee must take actual possession and the possession must be open, notorious and unequivocal, such as to apprise the community or those who are accustomed to deal with the party, that the goods have changed hands and that the title has passed out of the seller and into the purchaser. Claflin v. Rosenberg, 42 Mo. 449; Rice, Stix & Co. v. Sally, 176 Mo. 134; Knoop v. Distilling Co., 26 Mo. App. 313; State ex rel. v. Stone, 111 Mo. App. 369; Bank v. Trust Co., 135 Mo. App. 376; Revercomb to use, v. Duker, 74 Mo. App. 574.

COX, J.—Action in replevin for possession of one span of mules, one traction engine and boiler, one keystone drill jack, number four, together with a lot of other tools used by a mining prospector in drilling for ore. The defendant claims also to be the owner of the property and both plaintiff and defendant claim title through the same party, to-wit: One Frank Williams who is a son of George W. Williams, deceased, and brother of plaintiff in this case. Trial by jury, and at the close of plaintiff's testimony a premptory instruction was given to the jury to find for defendant, whereupon the plaintiff took a non-suit with leave to move to set same aside, and upon the court's refusal to do so, has appealed.

The only question to determine is whether or not the court was justified in giving the peremptory instruction to the jury to find for the defendant. There was practically no conflict in the testimony and it tended to show the following state of facts.

On August 3, 1907, Frank Williams was indebted to his father, George W. Williams, now deceased, to the amount of from one thousand two hundred dollars to one thousand four hundred dollars. On that date he sold to his father the property in contro-

versy to be applied upon his debt.   The mules were, by his father's direction, taken to the home of George Williams, who is now the administrator of his father's estate and plaintiff in this action, and were kept there for some considerable time, the time not definitely appearing, but probably from four to six weeks.  A list of all the property was made out by Frank Williams and turned over to his father.    This plaintiff went upon the ground where the engine, drill and other tools were at the time located and checked over the articles to see that those named in the written list were all there, placed the tools in piles and put oil upon them to prevent rusting and left them in that condition. Frank Williams, the former owner, had used all the property, including the mules, for the purpose of drilling prospect holes for miners.    Some four to six weeks after this supposed transfer of the property the father then leased to his son, Frank Williams, the mules, the engine, drill and other tools and Frank again took up his occupation of drilling and paid to his father a certain sum per foot upon all the drilling that he did.    He continued to use the property in this way until about the 4th of January, 1908, at which time the property was levied on, under an execution upon a judgment in favor of this defendant, Youtsey, and against Frank Williams.    After this levy notice was given to the constable that George W. Williams claimed to be the owner of the property and defendant gave an indemnifying bond, as provided by statute. The property was sold under the execution on the 21st of January and was bought at that sale by the defendant.

The case turns upon the question of whether the evidence of the delivery of possession from Frank Williams to his father was sufficient to prevent the sale to his father being void as to creditors as provided by section 3410, Revised Statutes 1899, now section 2887, Revised Statutes 1909.    The court, by giving the

peremptory instruction, held that the change of possession was not sufficient under the law, and that as to this defendant who was a creditor of Frank Williams, the sale by Frank to his father was fraudulent and of no effect.

There is no controversy as to what the law is relating to a question of this character. In order that a transfer of personal property may be binding as against the creditor of the vendor possession must be delivered within a reasonable time, regard being had to the condition of the property and the possession must be open, notorious and continuous. By these terms is meant that the possession taken must be actual and must be of such a character as to apprise the community, or those who are accustomed to deal with the party, that the goods have changed hands and that the title has passed out of the seller and into the purchaser. Whether the change of possession required by the statute has been taken in a given case must depend upon the facts of that case. In the present case it would seem that as to the mules there ought to be no question as to the fact of an actual change of possession. The mules were turned over to the physical control of the vendee, and, by his direction, were taken to his son's and there kept for from four to six weeks, which, it would seem, was a sufficient length of time to apprise the community, or any one dealing with the parties, that a change in ownership had taken place. Some question is now made that the possession did not continue long enough. It is true that a change of possession, no matter how open and notorious, must also be continuous, but that does not mean that it shall be perpetual. This whole question has been fully gone over by the Saint Louis Court of Appeals in an opinion by Judge GOODE in the case of Reynolds v. Beck, 108 Mo. App. 188, 83 S. W. 292, to which we refer for a discussion of these questions. In that case, Judge GOODE,

in commenting upon the question of the necessity for a continuance of possession says: "Attention to the different cases will disclose that in all of them insistence is laid on the necessity of an actual, open delivery after the sale, and that when this occurs, continuance of the possession in the vendee prolonged sufficiently to afford a fair opportunity for the community to observe or otherwise learn of the change of possession, is all that is required for compliance with the statute." It would seem to us that a continuance of possession for from four to six weeks of a span of mules ought to be sufficient, but it is now insisted that because the possession was turned back to the vendor that that fact vitiated the entire transaction. Upon this question we again quote from the opinion of Judge Goode in the Reynolds case, supra: "If an open, unequivocal delivery of the article, and an actual change of possession takes place, and the exclusive and visible possession of the buyer continues long enough to give reasonable notice to public that the original owner has transferred and the buyer acquired the title nothing further in aid of the purpose of the statute will be gained by prohibiting the buyer from thereafter bailing the particular article to the original owner, just as he would any other article, should the course of business make it convenient for him to do so."

These quotations so clearly express the law applicable to the questions involved in this case that we adopt them without further comment and hold that as far as the mules in this case are concerned the action of the court in giving a peremptory instruction to the jury for defendant was erroneous.

As to the other articles described 'a peremptory instruction would have been justified, and upon a retrial of this case, if it appears that nothing more was done than the evidence shows to have been done in this case, it seems clear to us that as to that property

there was not such a change of possession as is required by statute to make the sale binding as against the defendant who was a creditor of the owner.

For the error noted the judgment will be reversed and the cause remanded. *Nixon, P. J.,* concurs; *Gray, J.,* having been of counsel, not sitting.